## ANDREA BUCCHERE ET AL. *v.* BRINKER INTERNATIONAL, INC., ET AL.
### (SC 17770)

## AMARILIS OROZCO ET AL. *v.* DARDEN RESTAURANTS, INC.
### (SC 17771)

Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.

Submitted May 13—officially released July 8, 2008

*Anthony J. Pantuso III*, *Richard E. Hayber*, *Daniel S. Blinn*, *Sarah Poriss* and *William Madsen*, for the appellants (plaintiffs in both cases).

*Margaret J. Strange*, for the appellees (defendants in the first case, defendant in the second case).

*Opinion*

PER CURIAM. The plaintiffs unsuccessfully sought orders granting them class certification in actions in which they claimed that the defendants had failed to pay them the required minimum wage. After the trial court denied the plaintiffs' requests for class certification, they appealed to the Appellate Court. That court dismissed the appeals for lack of a final judgment, and we granted certification on the question of whether an

order denying class certification is a final judgment.[1] In *Palmer* v. *Friendly Ice Cream Corp.*, 285 Conn. 462, 482, 940 A.2d 742 (2008), we answered that question by holding that such an order is not a final judgment. After ordering the parties to file briefs on why the Appellate Court's judgments of dismissal should not be affirmed in light of our decision in that case, we now affirm the Appellate Court's judgments.

The judgments of the Appellate Court are affirmed.

---

[1] In both of these cases, we granted the plaintiffs' petitions for certification to appeal, limited to the following issue: "Is an order denying a motion for class certification a final judgment for purposes of appeal?" *Bucchere* v. *Brinker International, Inc.*, 280 Conn. 938, 910 A.2d 217 (2006); *Orozco* v. *Darden Restaurants, Inc.*, 280 Conn. 939, 910 A.2d 218 (2006).